IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>vs<br><br>1) CRISTOBAL GARCIA, T/N ELVIN APOLINAR-SEGURA, a/k/a Carlos Negron-Rivera, a/k/a Mario del Rosario-Mariano<br>2) ELVIS ACOSTA, a/k/a El Gordo, a/k/a La Gorda, a/k/a El Pasao<br>3) SEALED<br>4) MARIANO MERCEDES<br>5) SEALED<br>6) ANTONIO GIL-GAMALLO a/k/a Tony<br>7) SEALED<br>8) ROBERTO MENDEZ-SOTO a/k/a El Pájaro<br>9) RUBEN LOPEZ-NUÑEZ<br>**10) JOSE CASTILLO**, a/k/a José Pichiche<br>11) BERNARDINO ARIAS-SURIEL, a/k/a Fico<br>12) ALBERTO MENENDEZ-GUTIERREZ a/k/a Roberto García, a/k/a Roberto Menéndez<br>13) MIGUEL ROSARIO OLGUIN a/k/a El Viejo, a/k/a Peje Verde<br>14) ARIEL NUÑEZ-JAVIER<br>15) SEALED<br>16) MANUEL FERNANDEZ-CARRERA<br>17) MANUEL RODRIGUEZ-CARABALLO a/k/a Popeye<br>18) LUIS PEÑA-CACERES<br>19) JOSE GUZMAN<br>20) CANDIDO FRANCESCHI<br>21) NYDIA VAZQUEZ<br>22) ANITA RODRIGUEZ<br>23) FELIX VEGA<br>24) SEALED<br>25) VICTORIA JEFFRIES<br>26) STEPHANIE HILL<br>27) MARISOL RODRIGUEZ and<br>28) EDDY GUTIERREZ-REYES<br><br>Defendants | CRIMINAL 00-0730CCC |

# O R D E R

On November 17, 2005, the Court ordered the United States to inform whether defendant José Altagracia Castillo was eligible for the benefits of the safety valve provision, 18 U.S.C. §3553(f), in light of the Court of Appeals' rejection of this Court's classification of defendant as an organizer. The Court specifically noted in said Order that the parties had already stated in clause 8(e) of their Plea Agreement that defendant did not satisfy the safety valve criteria, but had failed to state reasons in support of that conclusion (docket entry 960).

After repeated failures by the United States to provide the requested information (see docket entries 967 & 970), it finally complied on January 27, 2006 (docket entry 972) and apprised the Court that defendant is not eligible for safety valve consideration since during the commission of the offense he participated in the planning of a violent act, i.e. a kidnaping which culminated in the execution of a person. While defendant now seems to suggest that the government, by providing the Court with this information, is not fulfilling its plea agreement obligations (see Defendant's Opposition to the Government's Motion in Compliance With Order, docket entry 974), the Plea Agreement itself belies him. After all, the Agreement provides that "[t]he parties understand and agree that defendant cannot satisfy [the safety valve] criteria and is not eligible for the "safety-valve." Plea Agreement (docket entry 509), at p. 5.

Accordingly, since defendant "use[d] violence or credible threats of violence or possess[ed] a firearm or other dangerous weapon (or induce[d] another participant to do so) in connection with the offense," 18 U.S.C. §3553(f)(2), he is not eligible to receive the benefits of the safety valve provision.

SO ORDERED.

At San Juan, Puerto Rico, on March 8, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge